108

ESTATE OF ALBERT A. HANSEN, DECEASED, ALICE CARMODY HANSEN, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6566.   Promulgated July 24, 1947.

*Robert H. Walker, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

Van Fossan, *Judge*: By stipulation the asserted deficiency was wiped out and it was agreed that the petitioner had made an overpayment of its estate tax in the sum of $483.33, plus $7.25 interest thereon. The single issue remaining is whether or not the petitioner filed a claim for refund sufficient in tenor and terms to warrant the return of the overpayment.

The applicable statutes are sections 910[1] and 912[2] (before its amendment by section 415 of the Revenue Act of 1942, which was not made retroactive) of the Internal Revenue Code. Albeit section 81.96, Regulations 105[3] does not require the claim for refund of estate taxes to be made on Form 843 to be effective, from a reading of the statute and regulations it is clear that a claim in some form must be filed. It must be sufficient to advise the Commissioner (or the collector) of the fact that it is intended as a claim and must apprise him of the nature and basis thereof. In *Julia A. Forhan*, 45 B. T. A. 799, in considering the identical question now before us and on similar facts, we said:

> The present protest and memorandum were not intended as a claim for refund and were not treated as a claim for refund. They were intended and treated merely as a protest against the assertion of any additional tax. Even if they could be regarded as an imperfect claim for refund, susceptible of amendment, nevertheless, no amendment was ever filed and the issuance of the notice of deficiency was a complete rejection of any pending claim. Thereafter, it was too late to amend. Furthermore, the petition to the Board may not be regarded as an amendment of an imperfect claim theretofore filed.

---

[1] SEC. 910. PERIOD OF LIMITATION FOR FILING CLAIMS.

All claims for the refunding of the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the refund.

[2] SEC. 912. OVERPAYMENT FOUND BY BOARD.

If the Board finds that there is no deficiency and further finds that the executor has made an overpayment of tax, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the executor as provided in section 3770 (a). No such refund shall be made of any portion of the tax unless the Board determines as part of its decision that such portion was paid within three years before the filing of the claim or the filing of the petition, whichever is earlier, or that such portion was paid after the mailing of the notice of deficiency.

[3] SEC. 81.96. Claim for Refund.—A claim for refund of estate tax, or for refund of interest or penalties, erroneously or illegally collected, should be made on the form prescribed by the Treasury Department (Form 843), and should be filed with the collector of internal revenue, although a claim will not be considered defective solely by reason of the fact that it is not made on the form or that it is filed with the Commissioner of Internal Revenue. * * *

The above may properly be said of the instant case. The matter at issue between the parties was the threatened finding of the deficiency in taxes. All of the correspondence relates to filing of the protest against such additional taxes, not to the recovery of taxes paid. Although it might fairly be assumed that anyone who has overpaid his taxes would wish to recover the excess, the law requires certain procedure and the taxpayer must initiate such procedure by filing a claim. Neither an implied nor an expressed intention to file a claim in the future is enough. The intention must be so evidenced as to spell out a claim. Here, there is not even an informal claim which can be recognized under the liberal construction accorded such situations by the courts. The protest against additional taxes was not intended as a claim for refund and was not recognized or treated as such. The amendment of the petition at the hearing comes too late to constitute a statutory claim.

Fully recognizing the fact that the Government should not in good conscience retain taxes in excess of those due, nonetheless the statute requires certain formalities, and, absent those requisites, the petitioner is in no position to complain. On this issue we sustain the respondent. See *United States* v. *Frauenthal*, 138 Fed. (2d) 188.

*Decision will be entered under Rule 50.*